## 1370.  RUCKER *v.* BROWN BROTHERS.

1. The evidence authorized the verdict, and there was no error requiring a new trial.
2. The fact that a defendant filed and swore to pleas contradictory in their nature, as well as the fact that he subsequently made admissions in conflict with both pleas, may properly be commented upon by counsel for the plaintiff in his argument to the jury. The fact that the defendant filed a sworn plea neither admitting nor denying an account sued upon, and thereafter filed a plea denying the account, and later, in the trial, admitted the account as correct, could legitimately be the subject of comment on the part of the plaintiff's counsel, as a circumstance affecting the credibility of the defendant as a witness.
3. When parol evidence is offered, not for the purpose of explaining the contents of a written instrument, but for the purpose of giving the reason why the writing was executed, it should not be excluded. Parol evidence is generally not admissible to vary the terms of a written instrument, but where offered not for the purpose of affecting in any wise

the contents of the instrument, but merely for the purpose of rebutting an inference which might be drawn from the fact that the instrument, which is not denied, was executed, such evidence is admissible, to show that the purpose which influenced the execution of the instrument in question was not such as would be suggested by the proposed inference. Where the purpose of the parol testimony is not to affect the contents or the legal effect of a written instrument (both of which are admitted to be as contended by the opposite party), but only to rebut an adverse inference which might arise from the fact that the instrument was executed at all, such evidence is admissible to show the motive of the party executing it.

4. It was not, however, error to hold that the newly discovered evidence, information of which was acquired after the trial, might have been sooner discovered by the exercise of ordinary diligence.

Complaint, from city court of Elberton—Judge Proffitt. August 18, 1908.

Submitted November 12, 1908.—Decided June 29, 1909.

*Z. B. Rogers,* for plaintiff in error. *Sam L. Olive,* contra.

RUSSELL, J. Brown Brothers brought suit against G. G. Rucker upon an open account, which was verified. The defendant, among other things contained in his answer, averred that he could neither admit nor deny that portion of the second paragraph of the plaintiffs' petition in which it was alleged that he was indebted to the plaintiffs in the sum of $174.06 upon an open account thereto attached. Afterwards he amended his original plea by denying upon oath, to the best of his knowledge and belief, the allegations of paragraph 2. At the trial he admitted the account to be correct, and relied upon his plea of set-off. By agreement of the parties he was allowed to plead an alleged cause of action arising in his favor against the plaintiffs ex delicto. The plaintiffs' attorney, in his argument to the jury, argued that the fact that the defendant had filed two different pleas and finally had admitted the correctness of the account was a reason why he should be discredited, rather than that testimony in conflict with his should be disbelieved. The defendant's counsel objected to this argument as improper, and moved the court to declare a mistrial. The court declined to do this, but cautioned the jury to pay no attention to that part of the argument, and the plaintiffs' counsel also withdrew his argument upon the subject. The jury found a verdict in favor of the plaintiffs for the full amount sued for, with interest. The defendant's motion for new trial was overruled, and he excepted.

1. The defendant having in open court admitted the plaintiffs' account to be correct and unpaid, a finding in favor of the plaintiffs in some amount was demanded, and the finding must stand unless it should be reduced by reason of some counter-claim of the defendant which was disallowed. For the reason which we will hereafter give, we think that the finding should be reduced in accordance with the undisputed testimony in the case; and direction will be given in accordance therewith; but there is no necessity for the grant of a new trial in order to accomplish the reduction. The defendant insisted that Brown Brothers, knowing that he had a lien upon certain cotton, and after having been notified by him that one Allen was indebted to him, purchased a bale of cotton upon which he had a lien, and thereby became liable to him for the value of said cotton. As stated above, this cause of action arising ex delicto, while not pleadable as against the plaintiffs' action ex contractu, was, by agreement of both parties, placed before the jury as one of the issues in the case. There was, however, no such proof as would authorize the jury to find that the defendant had any lien upon the bale of cotton in question. The most that appears from the record is that in 1904 one Brewer sold a mule to one Allen, and that in payment for the mule the defendant gave his individual note to Brewer. The evidence was in conflict as to whether the note had been fully paid or whether a balance still remained unpaid, but the fact that Allen may be indebted to the defendant for the unpaid balance on the mule, for which the defendant has obligated himself, would not create a lien as against any of Allen's property, unless the claim should be reduced to judgment. The defendant could not claim that the mule sold to Allen in 1904, and the fact that he went security for the payment of the mule by giving his own note, is in the nature of supplies furnished for making the crop in 1906, or any other year, for that matter. So that, according to his own evidence, he was not entitled to any deduction on account of the claim against Allen.

We think the defendant is entitled to a credit of $17.05, which the jury failed to allow him. He pleaded, by way of set-off, that he had sent two bales of cotton to Brown Brothers, with direction that the proceeds thereof be first applied to the payment of an account for supplies purchased by him for one Flora Jackson,

and that the balance be either sent to him in cash or applied as a credit on his individual account with them. It appears, according to the statements made by the plaintiffs, that the two bales of cotton were sold for $97.68, and that Flora Jackson's account was $80.63, making a difference of $17.05. It further appears from the record that the $97.68 was divided equally, and one half of the amount credited upon the Flora Jackson account, and the other half upon the account of one Moses Tate. Regardless of the dispute as to whether Moses Tate was or was not a tenant of the defendant, or whether the defendant was responsible for his account with the plaintiffs, it is well settled that primarily a debtor has the right to direct the application of payments made by him to his creditor; and as it is undisputed that the direction above stated was given, the individual account of the defendant must be credited with the $17.05, as directed by him; and if he is indebted anything on account of Moses Tate, the merits of that controversy can hereafter be decided.

2. During the argument of plaintiffs' counsel in conclusion, he adverted to the fact that the defendant filed first a plea in which he asserted that he was unable either to admit or deny whether he was indebted to the plaintiffs upon the account stated; that he next filed a plea, upon oath, in which he denied to the best of his knowledge and belief that he owed the plaintiffs; and that finally, after the plaintiffs had commenced to prove the items of the account, he admitted it to be true, just, and due; and counsel argued that these circumstances discredited the testimony of the defendant and rendered him unworthy of belief. Thereupon the defendant's counsel moved for a mistrial. We do not think that the argument of the plaintiff's counsel was improper or beyond the plane of legitimate argument. There was a direct conflict in the testimony, and the credibility of the defendant was at issue. The plaintiff's counsel had a perfect right to refer to the inconsistency of the defendant's statements, and to argue that the plaintiffs' evidence should be believed in preference to that of the defendant. It has been held by the Supreme Court that the failure to either admit or deny an allegation which rests peculiarly within the knowledge of the defendant is so equivocal a circumstance as to lead to the judicial conclusion that the statement of the plaintiff in the premises must be accepted as the truth.

We think, therefore, that counsel had the right to comment on the fact that the defendant asserted that he did not know whether he owed the plaintiffs or not, for the reason, if for no other, that the preference should always be given, in case of conflict, to the witness who has the best opportunity to know, and does best know the truth as to the facts in issue. And the defendant's amended answer (which it was necessary should be under oath, because the plaintiffs' petition was verified by affidavit, and in which the defendant stated that he denied, to the best of his knowledge and belief, owing the plaintiffs) was likewise equivocal, because it would seem to stand to reason that any one would likely know whether he owed another or not. The fact that the defendant finally admitted the correctness of the account might fairly, in view of his previous declaration, lead to the inference that as a witness he was not over-cautious in his statements. Even if the remarks of the counsel were improper, the offense was not sufficiently flagrant to require the administration of so drastic a remedy as that the court withdraw the case from the jury and declare a mistrial; because the court instructed the jury to pay no attention to that part of the argument of counsel for the plaintiffs, and counsel withdrew the language to which objection was made.

3. We think that the court should have permitted the testimony of the defendant in explanation of his reason for giving Moses Tate an order upon the plaintiffs for $10. According to the record, the court was fully informed as to the proof sought to be made upon this point by the witness, and it is clear that the evidence sought to be introduced was not intended to have, nor could it have, the effect of in any wise varying the terms of the written order. When parol evidence is offered, not for the purpose of explaining the contents of a written instrument, but for the purpose of giving the reason why the writing was executed, it should not be excluded. Parol evidence is generally not admissible to vary the terms of a written instrument, but where it is offered, not for the purpose of affecting in any wise the contents of the instrument, but merely for the purpose of rebutting an inference which might be drawn from the fact that the instrument, which is not denied, was executed, parol evidence is admissible to show that the purpose which influenced its execution was not such as would be suggested by the proposed inference. Where the pur-

pose of the parol testimony is not to affect the contents or the legal effect of a written instrument (both of which are admitted to be as contended by the opposite party), but only to rebut an adverse inference which might arise from the fact that the instrument was executed at all, such evidence is admissible, to show the motive of the party executing it. But while the judge erred in his ruling, the error is immaterial, for the reasons already stated. The relation of Moses Tate to the defendant is immaterial in the present action; and there was, therefore, no error in overruling this ground of the motion for a new trial.

4. The remaining grounds of the motion for new trial are sufficiently dealt with in the headnotes.

The plaintiffs were entitled to a verdict in their favor. The verdict was too large by $17.05, but it is needless to send the case back for another trial in order to correct this. This court shall, therefore, exercise the power vested in it to give proper direction to cases, by directing that the judgment of the lower court be amended by reducing it from $174.06 principal to $157.01 principal, and that the interest be reduced accordingly, and that thereupon the judgment refusing a new trial be affirmed.

*Judgment affirmed, with direction.*